# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

CHRISTOPHER J. WARD-MALONE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C19-4075-LTS
(Crim. No. CR12-4068-LTS)

**INITIAL REVIEW ORDER**

_____

    This matter is before me on a pro se 28 U.S.C. § 2255 motion (Doc. 2) filed by Christopher J. Ward-Malone. He has also filed a motion to proceed in forma pauperis (Doc. 1), two supplements to his petition (Doc. 6, 9), a motion to amend his petition to include newly discovered evidence (Doc. 8), a motion for expedited relief (Doc. 10) and a motion for summary judgment (Doc. 11).

    Ward-Malone's case history is somewhat complicated. On June 21, 2012, the Grand Jury returned a multi-count indictment charging him with conspiracy to distribute crack cocaine and methamphetamine (Count 1) and distribution of methamphetamine (Count 5). Crim. Doc. 3. A superseding indictment was filed on July 19, 2012, but the counts against Ward-Malone remained unchanged. Crim. Doc. 26. Ward-Malone subsequently pleaded guilty to Count 1s (Crim. Doc. 55–56, 61) of the superseding indictment, and on March 26, 2013, United States District Judge Mark W. Bennett sentenced him to a 170-month term of imprisonment to be followed by five years of supervised release. Crim. Doc. 94, 96, 98.

    On August 30, 2013, the court received a pro se notice of appeal (Crim. Doc. 102) from Ward-Malone. However, because Ward-Malone's appeal was filed over five

months after his sentencing, the Eighth Circuit dismissed it as untimely. Crim. Doc. 116, 120.

Ward-Malone has also attempted to challenge his conviction and sentence through multiple habeas petitions. The court received Ward-Malone's first § 2255 petition on November 21, 2013. No. C13-4111-MWB, Doc. 1. Judge Bennett found no grounds for relief under § 2255 and denied the petition in its entirety on May 11, 2016. No. C13-4111-MWB, Doc. 41–42. On July 9, 2018, the court received a pro se motion to file an untimely appeal (Crim. Doc. 149), which Judge Bennett construed as a new § 2255 petition (No. C18-4061, Doc. 1). The Eighth Circuit subsequently denied (Crim. Doc. 153–54) Ward-Malone's request to file that second or successive § 2255 petition, however, and Judge Bennett dismissed it on November 6, 2018. No. C18-4061, Doc. 4. On January 2, 2019, Ward-Malone filed a pro se habeas petition under 28 U.S.C. § 2241. No. C19-4001-CJW, Doc. 1. Finding that the § 2241 petition was merely an attempt to circumvent § 2255's requirements for second or successive petitions, United States District Judge C.J. Williams dismissed it on January 7, 2019. No. C19-4001-CJW, Doc. 2. The court then received Ward-Malone's present § 2255 petition on October 25, 2019. Doc. 1.

## I. § 2255 INITIAL REVIEW STANDARD

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. Section 2255(f) states that a one-year limitations period shall apply to

2

motions filed under 28 U.S.C. § 2255. *See, e.g.*, *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitation period is the one stemming from final judgment. If no appeal is taken, judgment is final fourteen days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants fourteen days to file a notice of appeal in a criminal case). If an appeal is taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *see also* U.S. Sup. Ct. R. 13.

This is a strict standard with only a very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*,

3

544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant has filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244 (b)(3)(A); *see also United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second successive habeas motion. *Id*.

## II. ANALYSIS

As explained above, Ward-Malone has filed multiple § 2255 motions. He was denied permission to file a second or successive § 2255 motion on a previous occasion, and he apparently tried to evade the requirement to seek permission on another. Even though he claims to have newly discovered evidence regarding his case and innocence, he must still seek permission from the Eighth Circuit to file a second or successive motion. 28 U.S.C. § 2255(h). Because he has not done so, I must dismiss his § 2255 motion. All of his other motions are therefore moot.

## III. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F. 3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate

of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find that Ward-Malone has not provided any basis for finding that his second or successive § 2255 motion is authorized. Accordingly, a certificate of appealability **will not issue**. If Ward-Malone desires further review of his § 2255 motion, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520–22.

5

## IV. CONCLUSION

For the reasons set forth herein:

1. Ward-Malone's motion (Doc. 2) under 28 U.S.C. § 2255 is **denied** and this case is **dismissed**.
2. Ward-Malone's other various motions (Doc. 1, 8, 10, 11) are **denied** as **moot**.
3. A certificate of appealability **will not issue**.

**IT IS SO ORDERED.**

**DATED** this 19th day of November, 2020.

_____
Leonard T. Strand, Chief Judge